Matter of the Petition of CHARLES C. BIGELOW for the Removal of DAVID HOPKINS and EUNICE HOPKINS from Certain Premises in the Town of Sardinia.

(County Court, Erie County, May, 1910.)

Summary proceedings — Persons against whom remedy lies — Not against tenants for life.

> Summary proceedings to recover the possession of real property for non-payment of rent under section 2231 *et seq.* of the Code of Civil Procedure cannot be maintained under a lease for the term of the natural life of the tenant, where the lease contains no limitation by which, upon the happening of a prescribed event, the term would expire.

SUMMARY proceeding. The opinion states the case.

Charles Newton, for petitioner.

A. J. & J. Knight, for respondents.

TAYLOR, J. This is a summary proceeding. The respondents are occupying certain premises under a document reading as follows: "A LEASE, made and executed between Adelle Martin of the first part and David Hopkins and Eunice Hopkins, his wife, of the second part, the first day of June, 1900.

"IN CONSIDERATION of the rents and covenants hereinafter expressed, the said party of the first part has demised and leased, and does hereby demise and lease to the said parties of the second part the following premises namely: a house

35

County Court, Erie County, May, 1910.     [Vol. 67.

and lot situated at Sardinia, Erie County, N. Y., now occupied by the said parties of the second part, with the privileges and appurtenances, for and during the term of the natural lives of the said parties of the second part, from the first day of June, 1900, which term shall end at the death of the said parties of the second part or the survivor of them.

"And the said parties of the second part covenant that they will keep said premises in good repair, as a consideration for the use of said premises.

" Signed and Sealed."

The petitioner claims to be the owner of the premises under a deed from said Adelle Martin. He has heretofore recovered a money judgment in a justice's court of this county against the respondents on account of the failure of respondents to make repairs.

This proceeding is brought under section 2231 *et seq.* of the Code of Civil Procedure, the claim being non-payment of rent, on the theory, as I gather it, that the default under the clause requiring respondents to keep the premises in good repair is a non-payment of rent, and that thereby, demand having been made, summary proceedings lie.

.It is a grave question in my mind whether under any view of the statute the failure to make repairs under this lease could be construed as a non-payment of rent as contemplated by said section 2231. However, since the respondents must succeed for other reasons, it is not necessary to pass on this here.

I have satisfied myself that an ordinary life tenancy is not within the scope of said section 2231, for clearly it is not a tenancy at will, by sufferance, for part of a year, or for one or more years. It has long been settled by respectable authority that this statute, since it furnishes a quick and drastic remedy, must be strictly construed. This lease contains no "limitation"— an expression well known to the law of landlord and tenant — so that by virtue of the happening of a prescribed event the term set in the lease would expire. Therefore, since section 2231 does not in terms cover ordinary leases for life and the lease contains nothing whereby its term could be limited to less than the

lives mentioned therein, the petitioner has mistaken his remedy.

It follows that the respondents may have a final order dismissing the proceeding, with costs, pursuant to section 2250 of the Code of Civil Procedure.

Ordered accordingly.

---

FIRST NATIONAL BANK OF THE CITY OF NEW YORK, Judgment Creditor, *v.* WILLIAM GOW, Judgment Debtor.

(Supreme Court, New York Special Term, May, 1910.)

Supplementary proceedings — Reference and examination — Scope of inquiry — Inquiry as to claim of judgment debtor against third person — Facts constituting claim — Whether defense exists.

A judgment creditor upon the examination of his judgment debtor in supplementary proceedings may subpœna and examine a third party against whom the judgment debtor is prosecuting an action to set aside a transfer of his interest in a firm of which he and the witness were the members.

But upon such examination the judgment creditor may not prosecute inquiries for the purpose of ascertaining how much the judgment debtor owed the witness for the purpose of finding out if the latter has a defense to an action to set aside such transfer.

MOTION to limit examination of a witness in supplementary proceedings.

William Rand, Jr., for judgment debtor.

Eldon Bisbee, for Artemus Ward, a witness.

WHITNEY, J. The pendency of a suit by the judgment debtor against this witness upon the alleged cause of action concerning which his testimony is sought in these supplementary proceedings is no bar to the examination. Even if the judgment creditor were suing him these proceedings could be used for the purpose of an examination before trial, as the law is settled in this department at least. The con-